IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 20-182 |
| CARLA WILLIAMS | : | |

## MEMORANDUM

**Chief Judge Juan R. Sanchez**                                                              **January 24, 2022**

Defendant Carla Williams has filed a motion seeking compassionate release from her current sentence of 27 months' imprisonment. Williams has failed to satisfy the pre-requisites for obtaining such relief under federal law and has already been transferred from the prison setting to home confinement. For these reasons, her motion shall be denied.

**FACTUAL BACKGROUND**

On May 29, 2020, Williams was charged in a four-count indictment with wire fraud and aggravated identity theft. The charges stemmed from Williams' participation in several schemes to defraud victims met online by professing love and fabricating tragic stories to convince those victims to send her money. Acting together with unknown individuals located in Africa to perpetrate these frauds, Williams also endeavored to procure bank loans totaling $70,000 using her sister's identity. Williams pled guilty to three counts of wire fraud and the Government agreed to dismiss the identity theft charge. On November 19, 2020, she was sentenced to 27 months' imprisonment followed by three years of supervised release, and was ordered to pay restitution in the amount of $41,288.09 and a special assessment of $300. Williams began serving her sentence on December 7, 2020 and then spent approximately eight months in confinement at Danbury FCI.

In August, 2021, the BOP released her to home confinement to serve the balance of her term, which is scheduled to end on December 2, 2022.  She now moves for "compassionate" release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

**DISCUSSION**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).  Congress, however, has carved out a few, very limited exceptions to this general rule.  One such exception permits the "compassionate" release of inmates as follows:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>
>> **(ii)**  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; …

18 U.S.C. §3582(c)(1)(A).

As 18 U.S.C. § 3582(c)(1)(A)(i) makes clear, "a sentencing court may reduce an inmate's term of imprisonment only if the following four conditions are met: (1) the inmate must satisfy an administrative exhaustion requirement; (2) the court must find that 'extraordinary and compelling reasons warrant such a reduction'; (3) any reduction granted by the court must be consistent with any applicable policy statements issued by the Sentencing Commission; and (4) the proposed reduction must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a)." *United States v. Georgiou*, No. 09-088, 2021 U.S. Dist. LEXIS 55245, at *10 - *11 (E.D. Pa. Mar. 23, 2021) (quoting *United States v. Brown*, No. 13-cr-176-5, 2020 U.S. Dist. LEXIS 90187 (E.D. Pa. May 22, 2020)).  The burden of proving that circumstances warranting compassionate release exist rests on the defendant by a preponderance of the evidence. *United States v. Cabrera,* No. 18-304-1, 2021 U.S. Dist. LEXIS 21833, at *9 (E.D. Pa. Feb. 5, 2021);  *United States v. Adeyemi,* 470 F. Supp. 3d 489, 501 (E.D. Pa. 2020).  Finally, district courts are vested with discretion in their weighing of the § 3553(a) factors and in determining motions for compassionate release. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

With regard to exhaustion, Williams avers she submitted a request to the Warden of the Federal Correctional Institution at Danbury on October 27, 2021, some two weeks prior to filing her motion for compassionate release in this Court.  While she clearly failed to exhaust her administrative remedies by waiting for 30 days to elapse, the Government is not invoking the exhaustion requirement.  Rather, the Government submits that it is more expeditious to address the motion at this time because it is without merit.  Inasmuch as far more than 30 days have now passed, the Court agrees and shall address the motion on the merits.

In ascertaining whether Williams has shown that extraordinary and compelling reasons warranting a sentence reduction exist in her case, the Court first notes that the Sentencing

Commission has yet to update its applicable Policy Statement since § 3582(c)(1)(A)(i) was amended in 2018 to permit defendants to file their own motions. Hence, the Statement, which is codified at U.S.S.G. § 1B1.13, is not binding in cases where the motion is filed by the defendant herself, although it still continues to "shed[] light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 259-260 (3d Cir. 2021). It is therefore "reasonable for [a] court to conclude that the phrase largely retain[s] the meaning it had under the previous version of the statute." *Id.,* at 260. The Commentary to the Policy Statement provides that extraordinary and compelling reasons may exist based on the defendant's medical condition where the defendant is either suffering from a terminal illness, or is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n. 1(A). Extraordinary and compelling reasons may also exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.,* cmt. n.1(B). Such circumstances may additionally be presented where the caregiver of a defendant's minor children dies or becomes incapacitated, or a defendant's spouse or registered partner for whom the defendant would be the only caregiver becomes incapacitated. *Id.,* cmt. n. 1(C). Finally, the Policy Statement also contains a catchall provision giving "the Director of the BOP the authority to determine if 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other categories." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396-397 (E.D. Pa. 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

The Policy Statement commentary specifies, however, notes that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13 cmt. n.3.

Williams does not advance any of these considerations as reasons for her early release. On the contrary, she seeks compassionate release because she is "not a threat to society" and is not "harmful or violent." Def.'s Mot. for Sent. Reduction Under 18 U.S.C. § 3582(c)(1)(A) at 7, ECF No. 25. In further support, Williams avers:

> I been attending weekly counseling sessions and monthly psychiatry appointments for medication management, I check in when I'm suppose to (3x/day), meet with my case manager twice a month, and passed all drug tests. I haven't been in any trouble with the law since my conviction. I feel I served my punishment long enough. I want to get back to work and on with my life.

*Id.*

Although the Court is free to consider other factors in addition to or instead of those outlined in the Policy Statement, it does not find Williams' compliant behavior to be grounds, in and of itself, for early termination of her sentence.[1] Williams is presently on home confinement, the terms of which are understandably strict. Failure to comply with the terms and conditions provided may result in return to prison. Although commendable, the Court cannot find that Williams' compliance with those conditions is voluntary or reflective of a change in her character or of her complete rehabilitation. It does not rise to the level of an extraordinary and/or compelling circumstance warranting compassionate release.

---

[1] In the Attachment to the Motion for Compassionate Release, Williams has checked the boxes indicating she will require ongoing medical care if released from prison and lists ger current prescriptions as Remeron 30 mg, Zoloft 200 mg, Vraylar 3 mg, Amlodipine 10 mg, Cyclobenzaprine 5 mg and a Dulera Inhaler. She also uses a CPAP machine. ECF No. 25, 9-10. Williams makes no argument, however, as to how the medical conditions for which she takes these medications is impacted or impaired by her home confinement.

The Court must also weigh the same factors considered at the time of sentencing which are outlined in 18 U.S.C. § 3553(a).  These include: the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment therefor, adequately deter criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment; the kinds of sentences available and the sentencing ranges established; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1) – (7).  In this case, this Court carefully considered and weighed these factors at the time it sentenced Williams on November 5, 2020, and determined an appropriate sentence was the one imposed: 27 months in prison to be followed by 3 years of supervised release and payment of some $41,000 in restitution. Granting Williams early release now would result in a sentence that does not reflect the serious nature of her fraudulent behavior, provide just punishment, or adequately deter her from committing such crimes in the future.  Moreover, Williams has already received relief from imprisonment as a result of the Bureau of Prisons' decision to release her to serve the balance of the 27-month sentence in her own home.  This home confinement is presently expected to conclude at the end of this year, and the Court sees no reason to change this.

**CONCLUSION**

After consideration of the § 3553(a) factors together with the advisory guidance contained in the Policy Statement, the Court cannot find that any of the facts presented in this matter constitute the requisite "extraordinary and compelling reasons" which would warrant a reduction of Williams' sentence.   Her motion is therefore denied.

6

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sanchez

_____

Juan R. Sanchez,        C.J.